

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **KENNETH R. PATTON,** | } |
| **Plaintiff,** | } |
| v. | } CASE NO. CV 01-B-1998-NW |
| **MICHAEL J. ASTRUE,**[1] **Commissioner, Social Security Administration,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This case is currently before the court on defendant Commissioner of Social Security's ("the Commissioner") Motion to Dismiss, (doc. 14-1),[2] and on plaintiff Kenneth R. Patton's ("Patton") Motion to Compel, (doc. 17). The Commissioner asks the court to dismiss the case for lack of subject matter jurisdiction because the Commissioner has not entered a "final" decision within the meaning of section 205(h) of the Social Security Act ("the Act"), 42 U.S.C. § 405(h).[3] In particular, the Commissioner contends

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as the defendant in this suit by operation of law.

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's case docket.

[3] This section provides, in relevant part:
> The findings and decision of the Commissioner of Social Security *after a hearing* shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

that there was no "final" decision because an administrative law judge ("ALJ") dismissed Patton's request for a hearing on the sole grounds that Patton's claim was barred by *res judicata*, given that Patton had previously filed a claim covering the same facts and issues that was pursued to a final decision but never appealed. (Doc. 14-2 at 3; Doc. 14-3 at 2.) Patton, on the other hand, argues that the decision to dismiss his hearing request is subject to review because the decision violates section 405(h) of the Act and because the Commissioner effectively reopened Patton's initial claim by seeking a remand to locate Patton's file, (doc. 15);[4] as a result, Patton requests that the court compel the Commissioner to take administrative action and provide Patton with a new hearing and new decision on his claim, (doc. 17 at 2).

The court finds as binding and persuasive authority the Eleventh Circuit's decision in *Cash v. Barnhart*, which held that although jurisdiction can exist under section 405 when the Commissioner in fact reopens a case and reconsiders the case on the merits to any extent, it does not exist when an ALJ, in denying a request for a hearing on grounds that a claim is barred by *res judicata*, has not reexamined or considered the merits of the

---

42 U.S.C. § 405(h) (emphasis added).

[4] Specifically, as its first substantive action in response to Patton's complaint, the Commissioner sought a remand under sentence six of section 205(g) of the Act, 42 U.S.C. § 405(g), "for further action by the Commissioner," and stated as its good cause that it had been unable to locate Patton's administrative claims file. *See* 42 U.S.C. § 405(g); (Doc. 10 at 1–2). The Commissioner notably did not seek remand based on the second half of sentence six, which relates to the taking of additional evidence. The court found that the Commissioner had shown the necessary good cause for seeking the remand and thus granted the Commissioner's motion for the purpose of locating or reconstructing Patton's claims file. (Doc. 11.)

claim in any way.  *See* 327 F.3d 1252, 1256–57 (11th Cir. 2003) (per curiam); *see also McGowen v. Harris*, 666 F.2d 60, 62 (4th Cir. 1981) (holding that subject matter jurisdiction exists to review a social security decision applying administrative *res judicata* for the limited purposes of determining whether *res judicata* was properly applied and whether the administration had reopened the claim).  Since the facts and issues in *Cash* are strikingly similar to those in the instant case, and Patton has not disputed the ALJ's finding that Patton's second application involved the same facts and issues as his first application, *see Cash*, 327 F.3d at 1254; (doc. 15 at ¶ 2), the court follows *Cash* in concluding that it does not have subject matter jurisdiction over Patton's complaint because there is no indication that the ALJ ever reexamined or reconsidered the merits of Patton's claim in dismissing the request for a hearing, or that the Commissioner "reopened" Patton's original claim merely by seeking a remand to locate Patton's file. Without subject matter jurisdiction, the court also cannot compel the Commissioner to take any administrative action, such as requiring the Commissioner to hold a new hearing or issue a new decision.

Based on the foregoing, the court is of the opinion that it lacks subject matter jurisdiction over Patton's complaint and that it cannot compel the Commissioner to take administrative action.  Consequently, the Commissioner's Motion to Dismiss, (doc. 14-1), is due to be granted, and Patton's Motion to Compel, (doc. 17), is due to be denied.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously

herewith.

**DONE**, this 6th day of March, 2008.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

4